# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11815
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 2, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARTHA JANE RODGERS, also known as Momma Frost,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-132-12

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:*

Martha Jane Rodgers appeals the 262-month, within-guidelines prison sentence that she received after she pleaded guilty, pursuant to a plea agreement, to conspiring to possess intending to distribute 50 grams or more of methamphetamine.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11815

Two days before the sentencing hearing, Rodgers moved for leave to file a large amount of medical records. The court denied this motion on the basis that Rodgers failed to comply with the court's status report order in numerous respects. Though Rodgers complains that the court should have considered the medical records, she does not explain how the court erred in determining that the she did not adequately comply with its directive. *See Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 211 (5th Cir. 2010) (explaining that district courts "have broad discretion in managing their own dockets."). Her failure to address the grounds for the court's ruling "is the same as if [she] had not appealed [it]." *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Accordingly, she has abandoned any challenge to the propriety of the ruling. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

The majority of Rodgers's brief is devoted to arguing that the district court erred in denying her motion for a downward departure. However, we lack jurisdiction to review this issue because Rodgers does not argue, and it is not apparent from the record, that the district court denied the departure based on a mistaken belief that it lacked authority to depart. *United States v. Jefferson,* 751 F.3d 314, 322-23 (5th Cir. 2014).

Finally, Rodgers argues that the sentence is substantively unreasonable because it does not sufficiently account for her age, history of drug addiction and mental illness, and low-level of involvement in the conspiracy and does not sufficiently comport with the goals of sentencing. Because Rodgers did not object to her sentence in the district court, our review is for plain error only. *See United States v. Powell*, 732 F.3d 361, 381 (5th Cir. 2013). The district court's comments at sentencing establish that, not only did the court take into account Rodgers's arguments, the factors Rodgers highlighted persuaded it to

No. 16-11815

impose a within-guidelines sentence rather than the above-guidelines sentence recommended in the presentence report. Rodgers's arguments in this court amount to a disagreement with the already significant weight that the district court gave to these factors, essentially asking this court to reweigh them, which we will not do. *See United States v. McElwee*, 646 F.3d 328, 344-45 (5th Cir. 2011). Rodgers has not shown that, in imposing a within-guidelines sentence, the district court did not account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or committed a clear error of judgment in balancing sentencing factors. *See Jenkins*, 712 F.3d at 214. Accordingly, she has not overcome the presumption that her within-guidelines sentence is reasonable. *See id.*

The district court's judgment is AFFIRMED.